(No. 3499—

LUCILLE A. CROUSE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.
*Opinion filed March 19, 1946.*

PAUL D. PERONA AND WILLIAM ZWANZIG, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR and C. ARTHUR NEBEL, Assistant Attorneys General, for respondent.

FISHER, C. J.

Claimant, Lucille A. Crouse, while employed as an attendant at the Manteno State Hospital, contracted typhoid fever on August 18, 1939.

It is disclosed, by stipulation, that a typhoid fever epidemic existed at the Manteno State Hospital during the month of August, 1939, and this Court has decided that typhoid contracted under such circumstances was compensable under the Workmen's Compensation Act of this State.

Claimant was a patient in St. Mary's Hospital at Kankakee from August 21 to August 29, 1939, under the care of Dr. O. A. Phipps and Dr. John Horowitz. On June 18, 1940 she was examined by Dr. Paul Hletko of the Manteno State Hospital, who reported that claimant should return to work. She returned to work in the same capacity and at the same wages on July 8, 1940 and worked for four months, but has not worked since.

The respondent paid claimant $555.75 while she was ill for non-productive time. Her monthly wage at the time she became ill was $58.80 per month. She had one child under the age of 16 years. Her compensation rate is $12.10 per week, and she was entitled to $525.48 for total temporary disability for 43 3/7th weeks, and therefore was overpaid $30.27, which must be deducted from any award entered in her behalf.

Claimant, in her complaint, seeks compensation for total and permanent disability and reimbursement for sums allegedly necessarily expended for medical, hospital and nursing services.

The proof is wholly insufficient to sustain any finding of either partial or total permanent disability.

The only claim which merits consideration is that which seeks reimbursement of expenses incurred by claimant for medical, hospital and nursing services.

Claimant testified that Dr. Phipps was her own doctor; that she went to the hospital at Kankakee at Dr. Phipps' suggestion; that she never requested respondent to furnish a physician and that all such bills were incurred at her own request. Claimant manifestly elected to secure her own physicians and hospitalization at her own expense within the meaning of Section 8 of the Workmen's Compensation Act and is not entitled to an award reimbursing her for medical, hospital and ambulance expense.

Claimant testified that she expended $257.50 for nursing services and the only proof to be found in relation thereto are the names and various amounts paid to the respective persons who are said to have furnished such services as testified to by claimant, and her additional testimony that owing to the epidemic of typhoid fever there was a general shortage of nurses and doctors at the Manteno State Hospital, and they all had to get outside nurses as claimant did. The testimony with respect to the necessity of these services or the failure of the respondent to provide such services is not very substantial or impressive, but viewing the record as leniently as possible, it may be regarded as sufficient to warrant an award reimbursing claimant for the expenses incurred for such nursing services.

Claimant is, therefore, entitled to an award of $257.50 for sums expended for nursing services, less the $30.27 overpayment for temporary disability, leaving a balance due claimant of $227.23.

An award is entered in favor of claimant, Lucille A. Crouse, in the sum of $227.23.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."